IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| DYWAN KING, | ) |
| | ) |
| Petitioner, | ) |
| v. | )   Civil Action No. 5:10-0080 |
| | ) |
| DAVID BERKEBILE, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On January 27, 2010, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed his Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence[2] based upon United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008) and United States v. Williams, 558 F.3d 166 (2nd Cir. 2009). (Id., pp. 2 - 4.) Petitioner contends that the sentencing Court erred in finding that he

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] On October 20, 2004, Petitioner pled guilty in the United States District Court for the Eastern District of Virginia to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (Count 1 of Indictment) and one count of possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (Count 1 of Information). *United States v. King*, Case No. 3:03-cr-0052 (E.D.Va. Jan. 21, 2005), Document Nos. 67 and 70. On January 21, 2005, the District Court sentenced Petitioner to 120 months as to Count One of the Indictment and 60 months as to Count One of the Information, to run concurrently. *Id.*, Document Nos. 78 and 79. The District Court also imposed a five-year term of supervised release as to each count, to run concurrently. *Id.* Petitioner did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals. On December 22, 2006, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. *Id.*, Document No. 85. On February 20, 2007, the United States filed its Response and Motion to Dismiss Petitioner's Section 2255 Motion. *Id.*, Document No. 87. By Memorandum Opinion and Order entered on June 21, 2007, the District Court granted the United States' Motion and dismissed Petitioner's Section 2255 Motion. *Id.*, Document Nos. 93 and 94. Petitioner filed a Notice of Appeal on August 10, 2007. *Id.*, Document No. 95. The Fourth Circuit dismissed his appeal on December 20, 2007. *United States v. King*, 258 Fed.Appx. 553 (4th Cir. 2007).

was subject to the mandatory consecutive five year minimum sentence for his firearm conviction under Section 924(c). (Id.) Petitioner states that "[t]he sentencing transcript as well as the Judgment in Case Number 3:03-cr-52 evidences that Mr. King was sentenced to 120 months for his violation of 21 U.S.C. Section 841, 846, and 60 months consecutively for his violation of 18 U.S.C. Section 924(c)." (Id., p. 7.) Petitioner argues that "it is clear that Mr. King was sentenced to a five year consecutive mandatory minimum sentence for his violation of 924(c), when he was already subject to a higher mandatory minimum sentence of 120 months." (Id.) Petitioner contends that "United States v. Williams compels this Court to identify plain error in the district court's imposition of a five-year mandatory minimum consecutive sentence under 924(c)(1)(A)." (Id.) Petitioner explains that he "seeks to invoke the 'savings clause' as a means of presenting his claim of sentence error." (Id., p. 8.) Petitioner claims that Section 2255 is inadequate or ineffective because "the gatekeeping provisions . . . bar him from presenting his claim in a second or successive 2255 motion." (Id.) Petitioner, therefore, requests that this Court "re-sentence Mr. King and determine if the five year mandatory minimum pursuant to 924(c) should run concurrently or consecutively to his 10 year mandatory minimum sentence pursuant to 841 - 846 offenses." (Id., p. 8.)

## ANALYSIS

"A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief." Boysaw v. United States, 2011 WL 2634882 at *2 (S.D.W.Va.)(District Judge Berger). Title 28 U.S.C. § 2241 provides a remedy when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Thus, an application under Section 2241 "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known."

28 U.S.C. § 2242. The focus of Section 2241 is upon the execution of a prisoner's sentence, not upon the validity of his conviction or sentence as is the focus of Section 2255. The remedy under Section 2241 is therefore not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless, under Section 2255's savings clause, there is a showing that the remedy is inadequate or ineffective. 28 U.S.C. § 2255(e); In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Before considering a petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus on its merits, the Court must first determine whether the remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. The Fourth Circuit Court of Appeals held in In re Jones, 226 F.3d 328, 333 - 334 (4th Cir. 2000) that the remedy under Section 2255 is inadequate or ineffective and resort may be had to Section 2241

> when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under

3

section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000) (outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001)(Chief Judge Haden).

      First, the Court finds that Petitioner is not challenging the execution of his sentence. Petitioner is clearly challenging the validity of his sentence and requesting that he be re-sentenced based upon Whitley and Williams.[3] Petitioner, however, has not shown and it does not appear that there is any basis for concluding that Section 2255 is inadequate or ineffective to test the legality of

---

[3] In *Whitley* and *Williams*, the Second Circuit held that Section 924(c)(1)(A) renders the statute's mandatory minimum sentences inapplicable where the predicate offense carries a higher minimum sentence. In *United States v. Studifin*, 240 F.3d 415 (4th Cir. 2001), however, the Fourth Circuit held that the "except" clause applies only to provisions applying a greater minimum sentence to the Section 924(c) violation itself, not to predicate offenses. The United States Supreme Court overruled *Whitely* and *Williams* in *Abbott v. United States*, ____ U.S. ____, 131 S.Ct. 18, 178 L.Ed.2d 348 (2010). In *Abbott*, the United States Supreme Court held that a "defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott*, ___ U.S. at ___, 131 S.Ct. at 23.

Petitioner's detention. As stated above, the fact that relief under Section 2255 is barred by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. Additionally, Petitioner's challenge to the validity of his *sentence* does not meet the requirements of the saving clause. Petitioner's claim is therefore properly considered under Section 2255, not under Section 2241.[4] Having filed a Section 2255 Motion and that Motion having been dismissed, Petitioner's recourse is to seek permission to file a second or successive Section 2255 Motion for consideration of his claim from the Fourth Circuit Court of Appeals. 28 U.S.C. §§ 2255(h)(2).[5] Accordingly, Petitioner's claim cannot be considered under Section 2241 and should be dismissed. See United States v. Deibert, 2009 WL 2338002 at * 2 (W.D.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) without prejudice and **REMOVE** this matter from the Court's docket.

---

[4] Section 2255(a) provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

[5] To obtain certification from the Court of Appeals, Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: October 25, 2012.

R. Clarke VanDervort
United States Magistrate Judge